LAXMAN ADHIKARI
LAXMAN LAW GROUP PC
335 South Van Ness Ave
San Francisco, CA 94103
Tel: (650) 483 8614
Email: laxman@laxmanlawgroup.com
*Attorney for Petitioner*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## *Immigration Matter*

| | |
|---|---|
| **LUIZI BOLOMBELO-BUNGA** [A# 221-058-536], Petitioner, **v.** **FERETI SEMAIA**, Warden of Desert View Facility; **DAVID J VENTURELLA**, Acting Director of United States Immigration and Customs Enforcement; **MARKWAYNE MULLIN**, Secretary of the United States Department of Homeland Security; **TODD BLANCHE**, Acting Attorney General of the United States, acting in their official capacities, Respondents. | Case No.: **PETITION FOR WRIT OF HABEAS CORPUS – PROLONGED DETENTION** Date: October 12, 2026 |

## I. INTRODUCTION

1. Petitioner Luizi Bolombelo-Bunga, also known as Luizi Bolombelo, petitions for habeas relief under 28 U.S.C. § 2241. He has remained in federal immigration custody since April 2025 and challenges the constitutionality of his prolonged civil confinement under the Fifth Amendment. He does not seek review of the merits of his removal proceedings.

2. Petitioner has remained in immigration detention since April 14, 2025, after apprehension near Roma, Texas. As of October 12, 2026, he has been confined for approximately 546 days, nearly eighteen months, without release. His appeal from April 23, 2026, removal decision remains pending before the BIA, with no established date for resolution. This petition concerns the legality of his continued detention, not the merits of his asylum appeal.

3. Unlike a detainee who has never received a custody hearing, Petitioner received substantive Rodriguez custody determinations on February 3 and August 4, 2026. Both denied release on flight-risk grounds under an announced Government clear-and-convincing standard. His claim is that the August decision did not adequately connect individualized evidence to the necessity of continuing detention after approximately eighteen months; the mere existence of a hearing does not resolve whether the process was constitutionally adequate.

4. The Government has legitimate interest in ensuring appearance and compliance with any enforceable removal order. Those interests must nevertheless be pursued through constitutionally adequate procedures. Petitioner primarily seeks release on appropriate conditions if continued custody lacks sufficient justification; alternatively, he requests a conditional writ requiring a prompt, individualized determination of custody, applying the governing evidentiary standard.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 2241(a), (c)(3) because Petitioner challenges his present physical custody as contrary to the Fifth Amendment. The petition raises a collateral detention claim, not a challenge to the Immigration Judge's denial of asylum or the execution of a removal order. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–43 (2004) (immediate-custodian and district-of-confinement principles); *Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018) (distinguishing statutory detention interpretation from constitutional questions). Petitioner seeks review of legal and constitutional adequacy, not discretionary reweighing of flight-risk evidence. *See Martinez v. Clark*, 124 F.4th 775, 783–86 (9th Cir. 2024).

6. The statutory custody basis must be determined from DHS's operative records. The April 15, 2025, Form I-213 documents enhanced expedited removal and credible fear processing following the April 14 border encounter near Roma, Texas. September 15, 2025 NTA records vacatur of the § 235(b)(1) order and commencement of § 240 proceedings. Those events do not automatically convert § 1225(b)(1)(B)(ii) detention into § 1226(a) custody. See Jennings, 583 U.S. at 297–99; Matter of M-S-, 27 I&N Dec. 509, 515–17 (A.G. 2019). Petitioner principally pleads an as-applied constitutional challenge under the § 1225(b)(1) framework, without foreclosing proof of a different operative classification. *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026), addressing interior apprehensions, does not itself resolve this border-apprehension record.

7. Venue and territorial habeas jurisdiction are proper in the Central District of California because Petitioner is physically confined at Desert View Facility, 10450 Rancho Road, Adelanto, California 92301, within the District's Eastern Division, and the immediate physical custodian is named as Respondent. See 28 U.S.C. § 2241(a); Padilla, 542 U.S. at 442–43. This Court is asked to remedy unlawful

custody, not to grant asylum, reverse the Immigration Judge, or adjudicate the pending BIA merits appeal.

## III. PARTIES

8. Petitioner is a fifty-five-year-old native and citizen of Angola, A221-058-536. He remains in ICE custody at Desert View *Facility*.

9. Respondent Fereti Semaia is the Warden of Desert View *Facility* and Petitioner's immediate physical custodian. He is sued in his official capacity.

10. Respondent David J Venturella is the Acting Director of *United States* Immigration and Customs Enforcement. He is sued in his official capacity in connection with ICE's administration of Petitioner's detention.

11. Respondent Markwayne Mullin is the Secretary of the *United States* Department of *Homeland* Security. He is sued in his official capacity in connection with DHS's administration of Petitioner's detention.

12. Respondent Todd Blanche is the Acting Attorney General of the *United States*. He is sued in his official capacity in connection with the Department of Justice's administration of immigration custody proceedings through the Executive Office for Immigration Review.

## IV. FACTUAL ALLEGATIONS

13. The April 15, 2025, Form I-213 records Petitioner's crossing near Roma, Texas, on April 14, 2025, apprehension shortly afterward, and processing as "Enhanced Expedited Removal-Credible Fear Referral." His asylum application identifies April 15 as his entry date; the one-day difference does not materially affect the detention-duration claim. The I-213 supports his initial expedited removal processing but is not, by itself, the operative current custody order. He has remained continuously detained. *Exhs. 3, 5; Exh. 6, February 3 and August 4 custody orders*.

14. The April 2025 Form I-213 reports no prior criminal or immigration history. The February and August custody orders deny release for flight risk, not dangerousness.

Petitioner relies on that documented distinction rather than alleging a criminal-history finding that the orders did not make. *Exhs. 3, 6.*

15. Following expedited removal and credible-fear proceedings, DHS served a Form I-862 Notice to Appear dated September 15, 2025. The NTA expressly records that a "Section 235(b)(1) order was vacated" pursuant to 8 C.F.R. §§ 208.30 and 235.3(b)(5)(iv), states that it followed a favorable credible-fear determination, and places Petitioner in § 240 proceedings. The April 23, 2026, oral asylum decision separately confirms that DHS filed the NTA with the Immigration Court on September 25, 2025. Those records establish vacatur of the expedited-removal order and commencement of ordinary removal adjudication; they do not themselves establish that custody was converted from § 1225(b)(1) to § 1226(a). *Exhs. 2, 4, 5.*

16. Petitioner submitted an asylum application in October 2025. On April 23, 2026, Immigration Judge Jack D. Patten denied asylum, withholding of removal, and protection under the Convention Against Torture, and ordered removal to Angola. The decision includes adverse credibility, documentary, and alternative legal findings. Petitioner contests the removal decision through an administrative appeal; he does not ask this Court to adjudicate those merits. *Exh. 5; I.J. Dec. at 1–13.*

17. The BIA received Petitioner's merits appeal on May 12, 2026, and acknowledged receipt on May 15. On information and belief, based on the latest available case-status information and counsel's account, that appeal remains pending. Its resolution date is unknown. A timely merits appeal ordinarily stays execution of the decision under 8 C.F.R. § 1003.6(a), subject to the regulation's exceptions. This merits appeal is separate from the custody appeal. *Exh. 7.*

18. On February 3, 2026, Immigration Judge Matthew C. Chan conducted a proceeding identified as a Rodriguez bond hearing and found that DHS had established flight risk by clear and convincing evidence. The order cited recent entry, limited ties and assets, sponsorship concerns, and uncertainty of relief. It also observed that continuous detention left Petitioner without a record of voluntary appearances after release. *Exh. 6, February 3 order.*

19. On July 1, 2026, Immigration Judge Darin Flagg denied a renewed request under 8 C.F.R. § 1003.19(e) for lack of materially changed circumstances. The order treated the merits denial as an adverse development and contemplated another Rodriguez hearing after 180 days. It was not a new substantive finding that DHS had proved flight risk. *Exh. 6, July 1 order*.

20. On August 4, 2026, Immigration Judge Darin Flagg issued a written order denying release in a proceeding designated "IN RE RODRIGUEZ BOND." The written order states that DHS established flight risk by clear and convincing evidence. It cites the pending removal order, recent entry, limited community ties, unresolved family immigration status, and proposed sponsorship deficiencies. The document is the written custody decision, not a transcript of the August hearing; Petitioner relies on what the order says and does not attribute unrecorded oral findings or colloquy to the IJ. *Exh. 6, August 4 order at 1–2*.

21. The August decision described proposed sponsor Michelle Lamm's support through Greater Portland Family Promise. It was found that she had never met or spoken with Petitioner, did not share his language, and supplied insufficient evidence of the organization's financial ability to support him. It was also found that an organizationally funded bond would provide inadequate deterrence. Petitioner does not allege that this sponsorship evidence was ignored. He challenges the constitutional sufficiency of reasoning connecting the identified deficiencies to the necessity of prolonged detention. Id.

22. The August decision acknowledged that Petitioner's family presently supplied an incentive to remain but predicted that if the family's asylum cases were denied, that incentive would disappear and the family would not remain available for removal. The family's proceedings were described as scheduled for December 2026. The order did not identify a statement of intended noncompliance or an adjudicated denial of those claims. Petitioner challenges that inferential step; he does not allege that the IJ failed to acknowledge the family or that predictive flight-risk findings require a prior act of absconding. *Id. at 1–2*.

23. The August 4 decision reserved appeal and identified September 3, 2026 as the deadline. Petitioner did not appeal that custody determination to the BIA. Counsel determined that an administrative bond appeal was likely to take months to resolve while Petitioner remained detained, following three adverse custody dispositions. That custody decision is separate from the merits appeal acknowledged in May 2026. Petitioner expressly requests excusal of prudential exhaustion rather than claiming exhaustion has occurred. *Exh. 6, August 4 order at 2*.

## V. LEGAL BACKGROUND AND FIFTH AMENDMENT CLAIM

### A. Constitutional limits on prolonged detention

24. The Immigration and Nationality Act supplies detention authority, but the Fifth Amendment separately constrains prolonged civil confinement. *Jennings v. Rodriguez*, 583 U.S. 281, 297–303 (2018), rejected an implied statutory six-month bond-hearing rule; it did not adjudicate the as-applied constitutional adequacy of this Petitioner's prolonged detention. See also *Zadvydas v. Davis*, 533 U.S. 678, 690, 693–95 (2001); *Demore v. Kim*, 538 U.S. 510, 527–31 (2003). The earlier Rodriguez statutory decisions cannot be treated as a continuing universal entitlement after Jennings. Here, the February and August orders expressly invoked Rodriguez and applied a government clear-and-convincing burden. Petitioner challenges the substantive adequacy of that process, not an automatic right to a new hearing based on time alone.

25. *Under Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the private liberty interest, the risk of erroneous deprivation under existing procedures and value of further safeguards, and the Government's interests. Freedom from physical confinement is fundamental. See Zadvydas, 533 U.S. at 690; *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Government may secure appearance and effectuate lawful removal, but the duration already endured and the reasoning actually used to find flight risk

warrant an individualized constitutional inquiry. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

26. *In Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019), the court ordered a custody hearing after lengthy § 1225 detention. Its adopted order considered total and likely future detention, conditions, responsibility for delay, and the likely outcome of removal proceedings. Order Adopting Report and Recommendation, No. 2:18-cv-01841-JLR, Dkt. 17 at 5 (June 12, 2019). That persuasive framework assists a case-specific inquiry; Banda involved detention without a hearing and does not establish entitlement to another hearing here. Petitioner applies Mathews and controlling Ninth Circuit precedent to his completed hearings, rather than treating Banda's duration analysis as independently dispositive.

27. District decisions reviewing completed custody hearings supply the more pertinent comparison. *In Singh v. LaRose*, No. 3:26-cv-01425-JLS-GC, Dkt. 11 at 8–11 (S.D. Cal. May 18, 2026), the court reviewed a flight-risk denial for legal and constitutional sufficiency and granted relief where the IJ relied on the expedited-removal history without meaningfully addressing significant individualized evidence. That petitioner's lengthy residence and substantial family and community equities differ materially from this record. The transferable principle concerns a reasoned connection between the individual evidence and the custody standard; the strength of that petitioner's equities cannot substitute for proof of a defect here.

28. *Cruz-Acevedo v. Scott*, No. 2:26-cv-01654-LK, Dkt. 15 at 8–14 (W.D. Wash. June 5, 2026), likewise applied abuse-of-discretion review to flight risk and found a constitutional defect in contradictory reasoning concerning immigration relief. Its chronology and substantial personal equities differ from Petitioner's: Luizi's merits denial preceded his August custody hearing and could properly be considered there. *Segura Serrano v. Hernandez*, No. 2:26-cv-01268-LK, Dkt. 14 at 12–16 (W.D. Wash. June 1, 2026) (amended order), found inadequate connections between the cited circumstances and likely flight, even assuming the detainee bore the ordinary

burden. These persuasive decisions support scrutiny of the legal sufficiency of custody reasoning after a hearing, not a district-court reassessment of every unfavorable factor.

29. *Zarei v. LaRose*, No. 3:26-cv-02335-GPC-MMP, Dkt. 13 at 8–10 (S.D. Cal. May 19, 2026), supplies a closer procedural comparison. A border-apprehended asylum seeker challenged continued custody after a court-ordered clear-and-convincing hearing. The court found the hearing constitutionally inadequate where the government's flight-risk presentation relied on entry without inspection, and the IJ focused on gaps in sponsorship evidence. It acknowledged that sponsor reliability could be considered under *Matter* of Dobrotvorskii. The court had a hearing transcript, and the respondents opposed solely on the ground of exhaustion; it did not address Luizi's additional adverse merits decision. The pertinent principle is that a completed hearing and a sponsorship objection do not, by themselves, establish constitutional adequacy.

30. *Sales v. Johnson*, 323 F. Supp. 3d 1131 (N.D. Cal. 2017), scrutinized the evidentiary basis for flight risk under a heightened burden. *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019), ordered a further hearing where that burden was not imposed; here the IJ expressly announced it. *Faizi v. LaRose*, 831 F. Supp. 3d 993 (S.D. Cal. 2026), treated detention claims as collateral to removal merits but involved no prior bond hearing. *Sergio Poot v. Mullin*, 2026 WL 2659590 (C.D. Cal. Sept. 9, 2026), discussed the Rodriguez injunction; its applicability must be established on the operative record. These decisions support review of a material constitutional defect, not reweighing discretionary evidence.

**B. Duration and liberty interest**

31. Petitioner has spent approximately eighteen months in continuous civil custody while his BIA merits appeal remains pending, according to the latest available information. The February and August orders did not find him dangerous; they rested on flight risk. His confinement and the uncertain remaining duration

strengthen the liberty interest, although duration alone does not invalidate detention after individualized hearings. The constitutional issue is whether the particular findings adequately justify the continuing restraint.

**C. Defects in the August 4 custody determination**

32. The August order acknowledged that Petitioner's wife and children presently give him an incentive to remain available yet predicted that this incentive would disappear if their asylum claims were denied. Their proceedings were reportedly scheduled for December 2026. No final denial or expressed intent to evade removal was identified. Although a flight-risk assessment may be predictive, the decision must explain how a possible future change in family immigration status establishes likely noncompliance under the announced clear-and-convincing standard. *Exh. 6, August 4 order at 1–2.*

33. Petitioner acknowledges the existing removal decision and the legitimate concern that a person may avoid a future removal order. In the heightened-burden proceeding addressed in Singh, a removal order was relevant but alone insufficient to establish flight risk by clear and convincing evidence. 638 F.3d at 1205. Petitioner invokes that evidentiary reasoning in evaluating the heightened-burden proceedings actually provided here; he does not use Singh's displaced statutory framework to demand a universal burden rule. The present order relied on additional circumstances. The issue is whether its prediction about the family, together with those circumstances, supplies the required evidentiary connection to likely noncompliance.

34. *Matter of A-L-S-, 29 I&N Dec. 794, 795–98 (BIA 2026), permits consideration of compliance with eventual removal and cautions that speculative eligibility for relief does not negate flight risk. It addresses ordinary § 1226(a) proceedings, in which the noncitizen bears the burden, rather than the Government-burden Rodriguez proceedings described in these orders. Petitioner does not claim that his pending*

*merits appeal guarantees relief; he argues that the cumulative prediction of noncompliance must be supported under the burden actually applicable.*

35. The August order also relied on the absence of family members with permanent immigration status and on limited community ties. Those considerations may be relevant, but the presence of a spouse and children is an actual existing tie even where their immigration status is unresolved. The analysis should distinguish the family's present influence on Petitioner's conduct from predictions about the outcome of separate immigration proceedings. *Exh. 6, August 4 order at 1–2.*

36. The February order noted the lack of post-release appearance history; the August order cited limited community ties. Petitioner has been continuously detained since his apprehension, making it impossible to demonstrate post-release compliance, employment, and community development. That absence of evidence is not equivalent to a missed hearing or attempted evasion. The IJ could consider limited ties, but the constitutional concern is whether confinement-generated gaps were given affirmative weight without an adequate explanation of their relevance to flight risk. *Exh. 6.*

37. The August IJ identified concrete shortcomings in the proposed arrangement with Michelle Lamm and Greater Portland Family Promise, including limited personal contact, language barriers, and insufficient financial documentation. Petitioner does not ask this Court to reject those findings. He contends that a deficient sponsorship proposal is relevant evidence, not an automatic substitute for an individualized determination that continued incarceration is necessary. Any further custody review should consider documented, feasible alternatives to detention without presuming that an unsupported sponsor must be accepted.

38. *Matter of Dobrotvorskii, 29 I&N Dec. 211, 212–15 (BIA 2025), upheld a Government clear-and-convincing finding based on cumulative evidence including unreliable sponsorship, conflicting addresses, recent entry, and absent family ties. It allows consideration of adverse evidence regardless of which party submits it; sponsor deficiencies are not automatically impermissible burden shifting. Its*

*discussion of the Rodriguez injunction, id. at 212 n.2, 214, informs the heightened-burden context. Here, Petitioner does not seek an independent credibility ruling on the sponsor, but review of whether the August order's predictive reasoning constitutionally supports prolonged confinement. Dobrotvorskii and Matter of A-L-S- are not interchangeable because they address different burdens.*

39. *In Muzahir v. Chestnut*, 837 F. Supp. 3d 1154 (E.D. Cal. 2026), the court concluded that an IJ failed to apply the government's heightened clear-and-convincing standard when the finding rested on conjecture about relief and the manner of entry, and on omissions in the detainee's presentation, rather than on individualized proof. The same opinion declined to second-guess the IJ's weighing of actual sponsor materials. Petitioner invokes both principles: he challenges asserted material legal deficiencies, not sponsor credibility or a discretionary evidentiary balance. Luizi's adverse merits decision and inadequate sponsorship documentation are important distinctions.

**D. Cumulative duration and alternatives to detention**

40. *Hernandez v. Sessions*, 872 F.3d 976, 990–91, 994–95 (9th Cir. 2017), addressed financial circumstances and alternatives when setting bond. Petitioner was denied release on flight-risk grounds, not solely for inability to pay. Nevertheless, where a supported release arrangement can address appearance concerns, the decisionmaker should consider workable reporting, monitoring, address, sponsorship, and other conditions rather than assume that confinement is the only means of assuring compliance.

41. Supported release conditions bear on necessity. A verified address, adequate sponsorship, reporting, monitoring, transportation, and language assistance should be considered if supported by the record. Petitioner does not claim all were submitted to the August IJ or that any sponsor must be accepted. New evidence should be identified as new. *Hernandez v. Sessions*, 872 F.3d 976, 990–91, 994–95

(9th Cir. 2017), requires attention to financial circumstances and alternatives in its bond-setting context; inability to pay is not independently alleged here.

**E.** E. Effect of prior hearings and contrary authority

42. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–14 (9th Cir. 2022), rejected an asserted entitlement to a second § 1226(a) hearing with a government clear-and-convincing burden on its record. Its treatment of the earlier statutory cases prevents reliance on Singh as a universal hearing or burden rule. Duration and a potentially different outcome under different procedures do not alone establish a violation. The majority nevertheless left room for other as-applied challenges. *Id. at 1213–14*. Petitioner's claim concerns concrete defects in the heightened-burden proceedings actually provided under the identified Rodriguez process. He seeks correction of those defects upon proof of their constitutional significance, rather than an automatic third hearing merely because custody continues.

43. *Ramak Setayesh Far v. DHS OPLA*, No. 5:26-cv-02564-AYP, Dkt. 37 at 6–8 (C.D. Cal. Sept. 29, 2026), rejected a challenge to an individualized § 1226(a) hearing, including sponsorship objections, under the petitioner's burden. It cautions against disguising disagreement with sponsorship findings as a constitutional claim. Here, Petitioner challenges the process that sustained nearly eighteen months of custody under an announced government burden and identifies the particular inferences that allegedly undermined that protection. Sponsor reliability remains relevant; the claim requires adjudication of the constitutional adequacy of continued custody, assuming the cited sponsor deficiencies for purposes of that inquiry.

44. *Martinez v. Clark*, 124 F.4th 775, 783–86 (9th Cir. 2024), limits habeas review of discretionary custody determinations and ordinarily credits an IJ's express articulation of the correct standard. Petitioner therefore challenges identified legal deficiencies—not the result alone: reliance on detention-created evidentiary gaps and the inference that a hypothetical future denial of his family's claims eliminates an acknowledged incentive to comply. The Court can assess material constitutional error without reweighing sponsor credibility.

45. *Fan v. Bondi*, 2026 WL 2276462 (C.D. Cal. Aug. 6, 2026), rejected a categorical right to live testimony at an ordinary § 1226(a) bond hearing. Petitioner does not claim that the absence of live testimony independently rendered his hearing unconstitutional.

46. *Zuniga Gonzales v. Adelanto ICE Processing Center*, No. 5:26-cv-02482-SP, Dkt. 10 at 4–7 (C.D. Cal. Aug. 31, 2026), is an adverse local comparison that must be addressed. The court rejected a purported constitutional hearing challenge that sought reconsideration of the factual balance after circumstances changed and denied the prolonged-detention claim where a Rodriguez hearing had been provided. It distinguished legal-standard review from factual reweighing.

**F.** Appropriate habeas remedy

47. Petitioner requests release if the Court determines that no constitutionally adequate justification for continued custody remains. Alternatively, a conditional writ should require a new, reasoned custody determination within fourteen days, with release if Respondents fail to comply. The Court should first determine the applicable statutory or injunctive standard; Petitioner requests enforcement of the clear-and-convincing government burden used in both Rodriguez proceedings unless a lawful superseding authority requires otherwise. The determination should address the challenged inferences and any adequately documented release conditions.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

48. Petitioner pursued repeated custody relief. The October 27, 2025, request was withdrawn; the February 3 and August 4, 2026, Rodriguez orders substantively found flight risk; and the July 1, 2026, request was denied for lack of materially changed circumstances. These proceedings must not be described as an absence of individualized hearings. Petitioner's separate BIA merits appeal does not exhaust review of the August custody order.

49. Petitioner did not appeal the August 4 custody order to the BIA by its September 3 deadline. Counsel anticipated that a custody appeal could take additional months while Petitioner remained detained. Petitioner acknowledges that the separate BIA appeal from his removal order does not exhaust the custody remedy and that counsel's expectation of delay alone does not establish futility.

50. Although § 2241 contains no express statutory exhaustion prerequisite, Ninth Circuit authority ordinarily requires administrative review of an IJ custody determination before habeas review. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011). Petitioner acknowledges that he did not appeal the August 4 order to the BIA. He requests case-specific excusal of prudential exhaustion because his present challenge concerns an ongoing constitutional deprivation after multiple adverse custody dispositions, and additional review may substantially prolong confinement. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). The unappealed order remains a substantial obstacle; neither the constitutional label nor the duration of detention alone establishes futility.

51. Further administrative proceedings could extend the very deprivation Petitioner challenges, while the ongoing injury concerns the constitutional adequacy of current confinement rather than solely a discretionary bond outcome. The Court should weigh the availability and likely utility of BIA custody review against the concrete liberty injury, without presuming that delay or adverse IJ rulings establish categorical futility. If the record does not support excusal, Petitioner alternatively requests a limited stay and status reporting, to the extent procedurally permissible.

52. *Perez v. Wolf*, 445 F. Supp. 3d 275 (N.D. Cal. 2020), and *Cruz-Acevedo v. Scott*, 2026 WL 1623154 (W.D. Wash. June 5, 2026), considered exhaustion exceptions in custody-related due-process challenges, but involved different procedural histories, including actual appeal activity or a prior habeas writ. Petitioner invokes their individualized approach, not a per se exemption. The Court should excuse exhaustion only if the evidence establishes that further review would inadequately protect against irreparable constitutional injury.

53. Alternatively, if the Court concludes BIA review must occur, Petitioner requests a limited stay with status reports and retained jurisdiction rather than dismissal, subject to the Court's discretion and any applicable jurisdictional limitations.

## VII. CLAIM FOR RELIEF

### Violation of the Fifth Amendment Due Process Clause

54. Petitioner incorporates the preceding allegations. His prolonged detention violates the Fifth Amendment as applied if continued confinement rests on a materially inadequate individualized determination. The August 4 order acknowledged the family's present incentive to remain but discounted it based on hypothetical future asylum denials; it also relied in part on gaps in community and appearance history attributable to uninterrupted custody. Petitioner accepts that recent entry, an adverse merits decision, and deficient sponsorship may be considered. He alleges that the written order did not sufficiently connect the cumulative record to likely noncompliance under the Government's announced burden. *See Mathews*, 424 U.S. at 335; Martinez, 124 F.4th at 783–86.

55. Petitioner seeks habeas relief under 28 U.S.C. § 2241(c)(3). He requests release on appropriate conditions if continued detention lacks a constitutionally sufficient basis; alternatively, he requests a conditional writ requiring a prompt, legally adequate determination of custody and release upon noncompliance. No relief from the removal order, asylum decision, or discretionary bond amount is requested.

## VIII. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. Issue an order to show cause requiring Respondents to identify the present statutory custody basis and produce the pertinent custody decisions, hearing record, and available BIA custody-appeal record;

2. Declare Petitioner's continued detention unconstitutional as applied to the extent established by the record;
3. Grant a conditional writ requiring a constitutionally adequate, reasoned custody determination within fourteen days, or another prompt deadline set by the Court, with DHS bearing the clear-and-convincing burden applied in the prior Rodriguez proceedings unless the Court first determines that a lawful superseding authority changes that requirement; require assessment of individualized evidence and supported conditions pertinent to flight risk, and release if Respondents do not comply;
4. Alternatively, order release on appropriate conditions if the Court finds that continued confinement itself violates due process;
5. Excuse prudential exhaustion notwithstanding the unappealed August 4 custody decision upon the individualized showing made, or alternatively retain the matter through a limited stay with prompt reporting on the custody appeal;
6. Retain jurisdiction to enforce the writ, award costs and any fees legally recoverable, and grant further appropriate relief.

Respectfully submitted on October 12, 2026,

*/s/Laxman Adhikari*
Laxman Adhikari
Laxman Law Group PC
335 South Van Ness Ave
San Francisco, CA 94103
Tel: (650) 483 8614
Email: laxman@laxmanlawgroup.com
*Attorney for Petitioner*