UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUIZI BOLOMBELO-BUNGA,

Petitioner,

v.

FERETI SEMAIA, ETC., ET AL.,

Respondents.

No. ED CV 26-6014-E

ORDER FOR ENTRY OF JUDGMENT

## PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 12, 2026. Respondents filed an Answer on October 20, 2026. Petitioner filed a Reply on October 30, 2026.

## BACKGROUND

On April 14, 2025, Petitioner, a native and citizen of Angola, was apprehended by immigration authorities shortly after crossing into the United States. Petitioner has remained in detention ever since.

///

On April 23, 2026, an immigration judge ordered Petitioner removed to Angola. Petitioner's appeal of this removal order remains pending.

Petitioner has received at least two hearings before immigration judges regarding his detention. At the most recent such hearing, on August 4, 2026, the immigration judge ruled by "clear and convincing evidence" that Petitioner is an unacceptable risk of flight. The immigration judge then stated:

> [Petitioner] has a pending removal order issued after a full merits hearing. While the [Petitioner] has appealed that order, any relief on appeal is speculative. See Matter of A-L-S, 29 I&N Dec. 794 (BIA 2026). This is a significant flight risk factor.
>
> [Petitioner] is also a recent entry into the United States, entering in April 2025. He has been detained since that time. As such, he has no community ties. Similarly, his family, which consists of his wife and children, have no status in the United States and are seeking asylum, with a pending individual hearing set for December 2026. The recent entry and absence of any family with status is another significant flight risk factor.
>
> [Petitioner] also has no reliable or credible sponsor. His proposed sponsor, Michelle Lamm, offers to support him through her organization, the Greater Portland Family Promise. [Petitioner] has never met or spoken with Lamm, and she speaks English and he doesn't. The organization has apparently been providing some form of financial support for [Petitioner's] wife and children. The tax records for Lamm individually are provided, but no tax records or financial documents for the organization are provided, with the possible exception of bank account documents that only reflect anywhere from $10,000 - $12,000 in

balance. On the cumulative, the Court does not find that Lamm and/or the organization is a credible or reliable sponsor, given the absence of any relationship, the inability to communicate, and the lack of financial documents, or at least sufficient financial documents, for the organization. Notably, it is the organization, and not Lamm personally, that offers to pay the bond and legal fees for [Petitioner], and so the Court would expect to see the financial documents for the organization. The absence of a reliable and credible sponsor is another flight risk factor. See Matter of Dobrotvorskii, 29 I&N Dec. 211 (BIA 2025)

Finally, the absence of any family and community ties is problematic in another aspect. Under A-L-S, supra, the Court must also examine within the concept of flight risk whether the Court's order, including any removal order, will be followed and effectuated. In this regard, [Petitioner] already has a pending removal order, albeit on appeal. The remained of the family have their application set for individual hearing in December. If released, the one thing keeping [Petitioner] around would presumably be his family, but if the family also has their application denied, the nothing would be keeping [Petitioner] or his family around in order to effectuate a removal order. A financial bond, posted by a person [Petitioner] has never even met, would not be leverage enough to keep [Petitioner] from fleeing.

Petitioner did not appeal the immigration judge's August 4, 2026 ruling to the Board of Immigration Appeals.

///

///

///

///

## DISCUSSION

To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the present case, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

A federal district court's jurisdiction to review bond or detention decisions by immigration judges is limited. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark"). District courts review dangerousness findings under an "abuse of discretion" standard. See id. at 784. Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard. See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026).

This "abuse of discretion standard" is "deferential." See Martinez v. Clark, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . . And we tread especially carefully in this area where Congress sought to eliminate judicial review." Id. (citations and quotations omitted). In the abuse of discretion review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards. Martinez v. Clark, 124 F.4th at 785.

In the present case, Petitioner has failed to demonstrate that the immigration judge's flight risk findings constituted an abuse of discretion. The speculativeness of an asylum application, as suggesting only a limited likelihood of avoiding eventual removal, can support an immigration judge's finding that an alien poses an unacceptable risk of flight or of failing to

report for removal when called upon to do so. See, e.g., Anyanwu v. Bondi, 2025 WL 3466910, at *4-5 (W.D. Wash. Oct. 6, 2025), adopted, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). Additionally, the immigration judge "permissibly relied upon the fact that Petitioner is subject to an order of removal." Perez Cinto v. Warden, 2026 WL 2620240, at *3 (E.D. Cal. Sept. 4, 2026). Furthermore, the immigration judge properly considered the relative recency of Petitioner's presence in the United States, his non-familial and tenuous relationship with the sponsor, and the likelihood that Petitioner's family ties would not be sufficient leverage to keep Petitioner from fleeing because of the family's immigration status. See Far v. Mullin, 2026 WL 2928267, at *4 (C.D. Cal. Sept. 29, 2026) (immigration judge properly considered "Petitioner's length of time in the United States, family ties, and whether family ties may entitle petitioner to reside permanently in the United States in the future," as well as "the lack of evidence verifying that Petitioner's sponsor is a family member"); Singh v. Warden, 2026 WL 1759594 (E.D. Cal. June 18, 2026) (immigration judge did not abuse discretion in denying bond to alien while citing, inter alia, the recency of the alien's entry into the United States).

Petitioner's lengthy arguments and lengthy documentary submissions essentially invite the Court to re-weigh the evidence before the immigration judge. The Court must decline any such invitation. Cf. Singh v. Bowen, 2026 WL 485760, at *4 (C.D. Cal. Feb. 19, 2026) (to the extent a petitioner seeks release during the pendency of an administrative appeal of an immigration judge's flight risk finding "simply because the [alien] disagrees with the merits of the immigration judge's decision," the court lacks jurisdiction to grant relief). None of Petitioner's arguments justify the relief requested in the Petition.

///

//

///

///

///

## CONCLUSION

For the reasons discussed herein,[1] the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 2, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Given this disposition, the Court need not and does not determine whether the Petition also should be denied for failure to fulfil the prudential requirement of exhausting available administrative remedies.